RECEIVED
CHARLOTTE, N.C.

OCT 28 2011

Clerk, U. S. Dist. Court
W. Dist. of N. C.

Undersigned:
   Charles Alexander Davis
   c/o Benton Hall, Notary Public
   3546 East Presidio Circle
   Mesa, Arizona
   *Non-domestic without the United States*

Authorized Representative for CHARLES A. DAVIS

# UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA CHARLOTTE DIVISION

In RE:                                            Case No. 5:11-cr-00032-RLV

   UNITED STATES OF AMERICA
         and
   CHARLES A. DAVIS

## *NOTICE*

### NOTICE OF MISTAKE

Notice is hereby given that a **"NOTICE OF MISTAKE"** regarding a SECOND NOTICE OF TAKING FOR VALUE OF PUBLIC OFFER FOR DISCHARGE OF DEFENDANT CHARLES A. DAVIS, a copy attached hereto as "EXHIBIT A" is given to Jenny Grus Sugar, Assistant United States Attorney, c/o 227 West Trade Street, Suite 1650, Charlotte, North Carolina 28202 this 24th day of October 2011.

Executed without the United States in Caldwell county, North Carolina republic, this twenty-forth day of the tenth month in the year of our Lord, two-thousand and eleven.

In Witness Whereof, I have hereunto set my hand and seal.

*Charles A. Davis*

# "EXHIBIT A"

Undersigned:
   Charles Alexander Davis
   c/o Benton Hall, Notary public
   3546 East Presidio Circle
   Mesa, Arizona
   *Non-domestic without the United States*


**THIS IS A PRIVATE COMMUNICATION BETWEEN THE PARTIES**
NOTICE TO AGENT IS NOTICE TO PRINCIPAL ••• NOTICE TO PRINCIPAL IS NOTICE TO AGENT


*NOTICE*

## NOTICE OF MISTAKE

Date:  *Nunc pro tunc* to 4 October 2011


To:  **Jenny Grus Sugar**
   Assistant United States Attorney
   c/o 227 West Trade Street, Suite 1650
   Charlotte, North Carolina 28202
   **Serviced By: USPS "Certificate of Mailing" (PS Form 3817)**


Re:  Correction regarding mistake

   NOTICE is hereby given that the Undersigned has made a mistake on a *NOTICE*: **SECOND NOTICE OF TAKING FOR VALUE OF PUBLIC OFFER FOR DISCHARGE OF DEFENDANT CHARLES A. DAVIS** dated *nunc pro tunc* to 3 October 2011. The above party Jenny Grus Sugar, hereinafter "Offeror", did not have a correct address. Please replace the above referenced NOTICE with the corrected one attached hereto. For any inconvenience or offense this may have caused, the Undersigned has only two words for said mistake, "FORGIVE ME".

*Charles A. Davis*
Authorized Representative

CASE NO. PV09062011-1

Offeree:

    Charles Alexander Davis
    c/o Benton Hall, Notary Public
    3546 East Presidio Circle
    Mesa, Arizona
    *Non-domestic without the U.S.*

**THIS IS A PRIVATE COMMUNICATION BETWEEN THE PARTIES**
NOTICE TO AGENT IS NOTICE TO PRINCIPAL --- NOTICE TO PRINCIPLE IS NOTICE TO AGENT

# NOTICE

## SECOND NOTICE OF TAKING FOR VALUE OF PUBLIC OFFER FOR DISCHARGE OF DEFENDANT CHARLES A. DAVIS

**Date:** *Nunc pro tunc* to 3 October 2011

**Offeror:**
    Jenny Grus Sugar
    Assistant United States Attorney
    c/o 227 West Trade Street
    Charlotte, North Carolina 28202
    **Serviced By: USPS "Certificate of Mailing" (PS Form 3817)**

Re: Second Notice of taking for value in Case No. 5:11-cr-00032-RLV, UNITED STATES DISTRICT COURT, WESTERN DISTRICT OF NORTH CAROLINA, CHARLOTTE DIVISION.

Comes now the Authorized Representative for the Secured Party Creditor, and an accommodation party pursuant to UCC-3-419 for the Defendant, having an interest in the collateral belonging to the

Comes now the Authorized Representative for the Secured Party Creditor, and an accommodation party pursuant to UCC-3-419 for the Defendant, having an interest in the collateral belonging to the Defendant, CHARLES A. DAVIS, hereinafter "Offeree", to assist this Court in the setoff, settlement, and zeroing of any charges and accounts associated with the Defendant, CHARLES A. DAVIS, in the matter of UNITED STATES OF AMERICA AND CHARLES A. DAVIS, hereinafter "Offer", in CASE NO. 5:11-cr-00032-RLV, UNITED STATES DISTRICT COURT, WESTERN DISTRICT OF NORTH CAROLINA, CHARLOTTE DIVISION, hereinafter "Case".

Whereas there is currently a number of docket entries by this Court in this Case in addition to the charging instrument against the Defendant that have been entered since September 6, 2011, attempting to convert the Offeree's remedy in this Case, hereinafter collectively referred to as "Offer";

Whereas the Offeree is not the Defendant, CHARLES A. DAVIS, but the Authorized Representative of the Secured Party Creditor, serving as the Accommodation Party to the Defendant, CHARLES A. DAVIS, for setoff, settlement, zeroing of the accounting in this Case, and for closure of this Case, and not representing the Defendant, CHARLES A. DAVIS;

Whereas the Secured Party Creditor has tendered adequate private consideration to Internal Revenue Service Criminal, Investigation Division, in Ogden, Utah for setoff and settlement and closure of the accounting charges in this Case on or about 6 September 2011;

Whereas the Secured Party Creditor, via the Undersigned Authorized Representative, has given private *NOTICE* of this tender of adequate consideration for setoff, settlement, and closure of the accounting charges in this Case to the private Chief Financial Officer of this Court on or about 6 September 2011, to be collected for discharge of this Case's charges as they relate to Defendant, CHARLES A. DAVIS;

Whereas the Undersigned Authorized Representative gave a NOTICE OF CONDITIONAL ACCEPTANCE OF ATTORNEY to this Court on or about 16 September 2011, *nunc pro tunc* to 5 September 2011, that this Court's appointment of an attorney for the Defendant, CHARLES A. DAVIS, constituted a "taking for value" of the Secured Party Creditor's rights for accommodation in this Case to privately setoff, settle, and close the accounting in this Case for Defendant, CHARLES A. DAVIS, by which the Secured Party Creditor and the Defendant have been prejudiced by this Court's actions by denial of substantive and procedural due process of law and equal protection of law, and by tortuous interference in contractual relations and tortuous interference in prospective advantage;

Whereas this public Court has compelled an attorney on the Defendant, CHARLES A. DAVIS, without the consent or the request of the Undersigned or the Defendant, CHARLES A. DAVIS;

Whereas an attorney is deemed a "public benefit" which renders the Undersigned or the Defendant, CHARLES A. DAVIS, incompetent;

Whereas the beneficial use of a public benefit renders the Secured Party Creditor's right to setoff, settle, zero the accounting, and close this Case with the use of private funds moot;

Whereas the compelling of an attorney upon the Secured Party Creditor and the Defendant, CHARLES A. DAVIS, is a "public taking" of a right without the voluntary consent of the Secured Party Creditor and the Defendant, CHARLES A. DAVIS, that is a violation of the Second Thirteenth Amendment under the Bill of Rights to the Amendment to the Constitution of the United States, as an involuntary servitude;

Whereas the "public taking" of a right pursuant to Article 5 of the Bill of Rights to the Amendment to the Constitution of the United States requires "just compensation" by the public to such party as from whom the right is taken, that party being the Secured Party Creditor and the Defendant, CHARLES A. DAVIS;

NOW THEREFORE as a second and final *NOTICE* to this Court:

This Court has three (3) days from receipt of this final *NOTICE of TAKING FOR VALUE:*

    1.    This Court is to rescind or terminate or cancel any appointment of any attorney to represent either the Secured Party Creditor, the Authorized Representative of the Secured Party Creditor, or the Defendant, CHARLES A. DAVIS, in any capacity as counsel, standby counsel, or any derivatives thereof, effective to the date, *nunc pro tunc*, to 5 September 2011; and,

    2.    This Court is to terminate, cancel, or rescind any formal or informal acknowledgment that the Undersigned Authorized Representative, the Secured Party Creditor or the Defendant is "representing the Defendant, CHARLES A. DAVIS, also back *nunc pro tunc* to 5 September 2011; and if this Court does not accept and execute upon 1. and 2. herein, then;

    3.    This Court thereby stipulates that pursuant to the facts set forth above that the Secured Party Creditor and the Defendant, CHARLES A. DAVIS, hereby TAKE FOR VALUE as a second and final witness that the appointed attorney or attorneys in this Case are thereby converted personally on all liability of the Defendant, CHARLES A. DAVIS, in this Case, and that the Defendant, CHARLES A. DAVIS, and the Secured Party Creditor in this Case are thereby discharged of any and all liability on the charges set forth in this Case against the Defendant, CHARLES A. DAVIS, and that all property, collateral, fixtures, and proceeds of the collateral of the Defendant, CHARLES A. DAVIS, is hereby discharged of all liens and rights of possession in this Case.

In Witness Whereof, I have hereunto set my hand and seal this 14th day of October 2011.

                                                *Charles A. Davis*
                                                Authorized Representative

**Cc:**    CLERK OF COURT (Case No. 5:11-cr-00032-RLV)
           c/o UNITED STATES DISTRICT COURT FOR THE WESTERN
           DISTRICT OF NORTH CAROLINA CHARLOTTE DIVISION
           401 W. Trade Street
           Charlotte, North Carolina 28202

           **Chief Financial Officer**
           c/o UNITED STATES DISTRICT COURT FOR THE WESTERN
           DISTRICT OF NORTH CAROLINA CHARLOTTE DIVISION

401 W. Trade Street
Charlotte, NC 28202

**RAHWA GEBRE-EGZIABHER/Successors and Assigns, etc.**
Attorney
c/o UNITED STATES DISTRICT COURT FOR THE WESTERN
DISTRICT OF NORTH CAROLINA CHARLOTTE DIVISION
401 W. Trade Street
Charlotte, North Carolina 28202

**All Serviced By: USPS "Certificate of Mailing" (PS Form 3817)**

# AFFIDAVIT OF SPECIFIC NEGATIVE AVERMENT IN SUPPORT OF SECOND NOTICE OF TAKING FOR VALUE OF PUBLIC OFFER FOR DISCHARGE OF DEFENDANT CHARLES A. DAVIS

The Affiant, **Charles Davis**, hereinafter "Affiant" does solemnly affirm, declare and state as follows:

1. Affiant is competent to state the matters set forth herein;

2. Affiant has knowledge of the facts stated herein;

3. All the facts herein stated are true, correct and complete, admissible as evidence. If called upon as a witness, Affiant will testify to their veracity;

4. There is no evidence that comes now the Authorized Representative for the Secured Party Creditor, and an accommodation party pursuant to UCC-3-419 for the Defendant, having an interest in the collateral belonging to the Defendant, CHARLES A. DAVIS, hereinafter "Offeree", to assist this Court in the setoff, settlement, and zeroing of any charges and accounts associated with the Defendant, CHARLES A. DAVIS, in the matter of UNITED STATES OF AMERICA AND CHARLES A. DAVIS, hereinafter "Offer", in CASE NO. 5:11-cr-00032-RLV, UNITED STATES DISTRICT COURT, WESTERN DISTRICT OF NORTH CAROLINA, CHARLOTTE DIVISION, hereinafter "Case", and Affiant believes none exists;

5. There is no evidence that whereas there is not currently a number of docket entries by this Court in this Case in addition to the charging instrument against the Defendant that have been entered since September 6, 2011, attempting to convert the Offeree's remedy in this Case, hereinafter collectively referred to as "Offer", and Affiant believes none exists;

6. There is no evidence that whereas the Offeree is not the Defendant, CHARLES A. DAVIS, but the Authorized Representative of the Secured Party Creditor, serving as the Accommodation Party to the Defendant, CHARLES A. DAVIS, for setoff, settlement, zeroing of the accounting in this Case, and for closure of this Case, and not representing the Defendant, CHARLES A. DAVIS;

7. There is no evidence that whereas the Secured Party Creditor has not tendered adequate private consideration to Internal Revenue Service Criminal, Investigation Division, in Ogden, Utah for setoff and settlement and closure of the accounting charges in this Case on or about 6 September 2011;

8. There is no evidence that whereas the Secured Party Creditor, via the Undersigned Authorized Representative, has not given private *NOTICE* of this tender of adequate consideration for setoff, settlement, and closure of the accounting charges in this Case to the private Chief Financial Officer of this Court on or about 6 September 2011, to be collected for discharge of this Case's charges as they relate to Defendant, CHARLES A. DAVIS, and Affiant believes none exists;

9. There is no evidence that whereas the Undersigned Authorized Representative did not give a NOTICE OF CONDITIONAL ACCEPTANCE OF ATTORNEY to this Court on or about 16 September 2011, *nunc pro tunc* to 5 September 2011, that this Court's appointment of an attorney for the Defendant, CHARLES A. DAVIS, constituted a "taking for value" of the Secured Party Creditor's rights for accommodation in this Case to privately setoff, settle, and close the accounting in this Case for Defendant, CHARLES A. DAVIS, by which the Secured Party Creditor and the Defendant have been prejudiced by this Court's actions by denial of substantive and procedural due process of law and equal protection of law, and by tortuous interference in contractual relations and tortuous interference in prospective advantage, and Affiant believes none exists;

10. There is no evidence that whereas this public Court has not compelled an attorney on the Defendant, CHARLES A. DAVIS, without the consent or the request of the Undersigned or the Defendant, CHARLES A. DAVIS, and Affiant believes none exists;

11. There is no evidence that whereas an attorney is not deemed a "public benefit" which renders the Undersigned or the Defendant, CHARLES A. DAVIS, incompetent, and Affiant believes none exists;

12. There is no evidence that whereas the beneficial use of a public benefit does not render the Secured Party Creditor's right to setoff, settle, zero the accounting, and close this Case with the use of private funds moot, and Affiant believes none exists;

13. There is no evidence that whereas the compelling of an attorney upon the Secured Party Creditor and the Defendant, CHARLES A. DAVIS, is not a "public taking" of a right without the voluntary consent of the Secured Party Creditor and the Defendant, CHARLES A. DAVIS, that is a violation of the Second Thirteenth Amendment under the Bill of Rights to the Amendment to the Constitution of the United States, as an involuntary servitude, and Affiant believes none exists;

14. There is no evidence that whereas the "public taking" of a right pursuant to Article 5 of the Bill of Rights to the Amendment to the Constitution of the United States does not require "just compensation" by the public to such party as from whom the right is taken, that party being the Secured Party Creditor and the Defendant, CHARLES A. DAVIS, and Affiant believes none exists;

15. There is no evidence that NOW THEREFORE as a second and final *NOTICE* to this Court, this Court does not have three (3) days from receipt of this final *NOTICE of TAKING FOR VALUE TO:*

   1. This Court is to rescind or terminate or cancel any appointment of any attorney to represent either the Secured Party Creditor, the Authorized Representative of the Secured Party Creditor, or the Defendant, CHARLES A. DAVIS, in any capacity as counsel,

# NOTARY'S CERTIFICATE OF SERVICE

It is hereby certified that on the date noted below, the undersigned Notary Public mailed to:

>   Jenny Grus Sugar
>   Assistant United States Attorney
>   c/o 227 West Trade Street, Suite 1650
>   Charlotte, North Carolina 28202

Cc:    **CLERK OF COURT (Case No. 5:11-cr-00032-RLV)**
>   c/o UNITED STATES DISTRICT COURT FOR THE WESTERN
>   DISTRICT OF NORTH CAROLINA CHARLOTTE DIVISION
>   401 W. Trade Street
>   Charlotte, North Carolina 28202

>   **Chief Financial Officer**
>   c/o UNITED STATES DISTRICT COURT FOR THE WESTERN
>   DISTRICT OF NORTH CAROLINA CHARLOTTE DIVISION
>   401 W. Trade Street
>   Charlotte, NC 28202

>   **RAHWA GEBRE-EGZIABHER/Successors and Assigns, etc.**
>   Attorney
>   c/o UNITED STATES DISTRICT COURT FOR THE WESTERN
>   DISTRICT OF NORTH CAROLINA CHARLOTTE DIVISION
>   401 W. Trade Street
>   Charlotte, North Carolina 28202

>   **Kevin C. Lombardi**
>   Trial Attorney, Tax Division
>   c/o UNITED STATES DISTRICT COURT FOR THE WESTERN
>   DISTRICT OF NORTH CAROLINA CHARLOTTE DIVISION
>   401 W. Trade Street
>   Charlotte, North Carolina 28202

All Serviced By: USPS "Certificate of Mailing" (PS Form 3817)

hereinafter, "Recipients", the documents and sundry papers pertaining to a certain "NOTICE: **SECOND NOTICE OF TAKING FOR VALUE OF PUBLIC OFFER FOR DISCHARGE OF DEFENDANT CHARLES A. DAVIS**" in Case No. 5:11-cr-00032-RLV (UNITED STATES OF AMERICA and CHARLES A. DAVIS), as follows:

1. *NOTICE*: **NOTICE OF MISTAKE** dated *nunc pro tunc* to 4 October 2011 (1 leaf);
2. *NOTICE*: **SECOND NOTICE OF TAKING FOR VALUE OF PUBLIC OFFER FOR DISCHARGE OF DEFENDANT CHARLES A. DAVIS** dated *nunc pro tunc* to 3 October 2011 (7 leaves)

3. Reference copy of this **NOTARY'S CERTIFICATE OF SERVICE** dated October 24, 2011 (2 leaves).

These mailings contained a total of ten (10) leaves each. They were sent via the United States Postal Service under the control, direction, and instruction of the USPS "Certificate of Mailing" (PS Form 3817) referenced above. The aforesaid mailings were placed in postpaid envelopes properly addressed to the Recipients. They were deposited at an official depository under the exclusive face and custody of the United States Postal Service within the State of Arizona.

_Benton Hall_                            October 24, 2011

NOTARY PUBLIC                      DATE

(Seal)

Benton Hall, Notary Public
3546 East Presidio Circle
Mesa, Arizona [85213]

---

**LEGAL NOTICE** The Certifying Notary is an independent contractor and not a party to this claim. In fact the Certifying Notary is a Federal Witness Pursuant to TITLE 18, PART I, CHAPTER 73, SEC. 1512. *Tampering with a witness, victim, or an informant.* The Certifying Notary also performs the functions of a quasi-Postal Inspector under the Homeland Security Act by being compelled to report any violations of the U.S. Postal regulations as an Officer of the Executive Department. Intimidating a Notary Public under Color of Law is a violation of Title 18, U.S. Code, Section 242, titled "Deprivation of Rights Under Color of Law," which primarily governs police misconduct investigations. This Statute makes it a crime for any person acting under the Color of Law to willfully deprive any individual residing in the United States and/or United States of America those rights protected by the Constitution and U.S. laws.

Page 2 of 2

Case 5:11-cr-00032-RLV-DSC   Document 41   Filed 10/28/11   Page 11 of 12

Charles A. Davis
c/o Benton Hall, Notary Public
3546 East Presidio Circle
Mesa, Arizona
*Non-domestic without the U.S.*

CLERK OF COURT (Case No. 5:11-cr-0003?-
c/o UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINE CHAR
DIVISION
401 W. Trade Street
Charlotte, North Carolina 28202

