# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## CASE NO. 5:11-CR-00032-RLV-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| CHARLES A. DAVIS, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**THIS MATTER** is before the Court on the Government's Motion in Limine to Exclude Tax Protestor "Evidence" and Argument, filed February 17, 2012. (Doc. 57.)

Therein, the United States moves the Court to preclude Defendant Davis from (1) presenting any evidence or argument to the jury in support of a claim that the federal tax laws, including the Internal Revenue Code or portions thereof, are invalid, unconstitutional, or do not apply to Defendant; (2) presenting any evidence or argument relating to alternate interpretations of the federal tax laws if such evidence (a) was not actually relied upon by Defendant or (b) could confuse the jury; and (3) presenting any evidence or argument that challenges the Court's jurisdiction or authority to preside over this matter.

As regards the first requested preclusion, the Government's well-reasoned Motion recites that "a defendant's views about the validity of the tax statutes are irrelevant to the issue of willfulness and need not be heard by the jury, and, if they are, an instruction to disregard them would be proper." *Cheek v. United States*, 498 U.S. 192, 206 (1991). Accordingly, Defendant is precluded from presenting any evidence or argument as to the federal tax laws' validity or constitutionality.

Additionally, as it is not the province of the parties to instruct the jury on the legal

principles at issue in a case, Defendant shall generally be forbidden from proffering his interpretations of applicable law. However, because a lack of willfulness is a defense to counts one through ten in the indictment, Defendant may offer his interpretation of the law to the extent he actually had adopted such interpretation at the time he committed the acts charged. In sum, while evidence may be presented as to Defendant's actual, relied-upon understanding of tax law at the relevant times, Defendant may not otherwise proffer his normative views of the law. As to the Government's additional request that the Court review all evidence offered by Davis regarding his "alternative" interpretation of the federal tax laws in order to safeguard the jury from confusion, the Court will consider the need for and may conduct such review as the trial progresses.

With respect to the third requested preclusion, Defendant's contentions that the Court lacks jurisdiction over this matter are patently frivolous. For instance, that Defendant's name appears in the indictment in all capital letters does not mean that some fictitious legal entity, as opposed to Defendant himself, has been indicted, thereby rendering Defendant "the living man" removed from the Court's orders or jurisdiction. Such an argument is entirely without merit. In any event, the question of whether this Court possesses jurisdiction is a legal one and is not to be resolved by the jury. Accordingly, Defendant shall not present such jurisdictional arguments.

The discussed evidence or arguments would be irrelevant, would perhaps confuse the jury, and would invade this Court's province in instructing the jury on the law. **IT IS, THEREFORE, ORDERED** that the Government's Motion in Limine (Doc. 57) be **GRANTED**.

Signed: March 7, 2012

Richard L. Voorhees
United States District Judge