IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:11-CR-32-RLV

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CHARLES A. DAVIS | ) | |
| | ) | |

**THIS MATTER** is before this Court upon the Defendant's Motion to Set Aside Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(4) as well as Defendant's Motion for an Order Regarding Defendant's Motion to Set Aside Judgment. (Docs. 122, 125).

The Court entered Judgment on the Defendant's one hundred twenty (120) month sentence on September 20, 2012. In the instant motion, he claims that this Court lacked subject matter jurisdiction to render the judgment. (Doc. 122, at 1).

The Defendant has not alleged any statutory basis for relief; however, a person in custody may move the Court to vacate a sentence imposed in violation of the Constitution or laws of the United States under 28 U.S.C. § 2255. The Court is required to allow a defendant the opportunity to express his intent in regard to his motion, that is, whether he intended to file under § 2255. Castro v. United States, 540 U.S. 375, 383 (2003); United States v. Blackstock, 513 F.3d 128 (4th Cir. 2008). In making these determinations, the defendant should be aware that the Antiterrorism and Effective Death Penalty Act (AEDPA) provides that § 2255 motions have a one-year limitation period.[1] He should be further aware that second or successive motions under

---

[1] Specifically, the Act provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

§ 2255 generally are prohibited. 28 U.S.C. § 2255.  Therefore, a second or successive motion would have to be certified by a panel of the appropriate court of appeals to contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2244.  Certification for second or successive motions to vacate rarely is granted.

The Fourth Circuit's mandate was entered on September, 25, 2013, accordingly, Defendant's conviction became final for § 2255's statute of limitations on December 24, 2013. It appears that a motion to vacate under § 2255 would be subject to dismissal as untimely if filed as of now.

As a further matter, the Court notes that Defendant has filed a Second Motion for Extension of Time to File Motion to Vacate.  (Doc. 122).  The Motion was docketed on December 29, 2014 but was signed by Defendant on December 23, 2014.  On September 22, 2014, this Court denied Defendant's First Motion for Extension of Time, indicating that

---

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Defendant "has ample time to procure the necessary paperwork and research material" before December 24, 2014. (Doc. 121). The basis for Defendant's Second Motion is that he could not receive certain materials he requested from the Department of the Treasury before the deadline. (Doc. 123, at 2). The Court notes that:

> Fourth Circuit case law makes clear that a district court "lack[s] jurisdiction to consider the timeliness of a § 2255 petition until the petition itself is filed because a motion for extension of time is not, by itself, a "case or controversy" within the meaning of Article III of the United States Constitution.

*United States v. Ricks*, No. 1:11CR105 JCC, 2013 WL 1790145, at *2 (E.D. Va. Apr. 25, 2013) *appeal dismissed,* 542 F. App'x 238 (4th Cir. 2013). Accordingly, the Court notes that if Defendant elects to have his Rule 60(b) motion not treated as a motion under § 2255, then his motion for extension of time cannot be used as an anchor for future untimely filed petitions. *Id.* at *4; *see also United States v. White*, 257 Fed. App'x 608, 609 (concluding that a "district court lacked jurisdiction to consider the motion [for extension of time] because [Defendant] had not filed a § 2255 motion challenging the original judgment of conviction."). Thus, petitions filed as of now will be considered untimely unless equitable tolling applies. Equitable tolling will only apply if Defendant shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

**IT IS, THEREFORE, ORDERED** that within twenty (20) days of the date of this Order, the defendant shall file a document:

1. stating whether or not he wants this Court to treat his Motion (Doc. 122) as a motion to vacate under § 2255; and

2. **IT IS FURTHER ORDERED** that if the defendant fails timely to respond, the Court will dismiss the motion without prejudice.

Signed: August 17, 2015

Richard L. Voorhees
United States District Judge