# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# DOCKET NO. 5:11-CR-32

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>)<br>,  )<br>)<br>v.  )  **ORDER**<br>)<br>CHARLES A. DAVIS,  )<br>)<br>**Defendant.**  )<br>) |

**BEFORE THE COURT** is Defendant Charles A. Davis's Pro Se Motion to Set Aside Judgment (Doc. 122), Pro Se Motion for Extension of Time to File Motion to Vacate (Doc. 123), Request for Judicial Notice in Support of 60(b) Motion (Doc. 124), Pro Se Motion for An Order re Motion to Set Aside Judgment (Doc. 125), and Pro Se Motion to Expedite Ruling (Doc. 135).

On August 18, 2015, this Court asked Defendant if he wanted his Pro Se Motion to Set Aside Judgment (Doc. 122) to be treated as a motion under 28 U.S.C. § 2255. (Doc. 127); *see Thurston v. Maryland*, 611 F. App'x 112, 113 (4th Cir.) *cert. denied,* 136 S. Ct. 256 (2015) ("If, however, the movant objects to recharacterization, the court should not treat the motion as a § 2254 or § 2255 motion but must rule on the merits of the motion as filed."). The Order discussed statute of limitations issues and stated that "[i]t appears that a motion to vacate under § 2255 would be subject to dismissal as untimely if filed as of now." (Doc. 127 at 2.)[1] The Court further noted that "if Defendant elects to have his Rule 60(b) motion not treated as a motion under § 2255, then his motion for extension of time cannot be used as an anchor for future untimely filed petitions." *Id.* at 3.

---

[1]The Order indicated that the statute of limitations would expire in December 2013 (Doc. 127); however, it is clear that this is typographical error. The statute of limitations actually expired in December 2014.

Defendant responded in a motion dated August 27, 2015 and indicated that he wanted his Motion to Set Aside Judgment (Doc. 122) to be treated as a Motion under Federal Rule of Civil Procedure 60(b) and invoking 28 U.S.C. § 1651. (Doc. 129, at 1-2). However, he also asked for extra time in the future because he believed his access to his mail was delayed. *Id.* In an abundance of caution, the Court again gave Defendant the opportunity to express his position. (Doc. 130). Defendant reaffirmed his position by indicating that this Court should treat it is a motion under Federal Rule of Civil Procedure 60(b)(4). (Doc. 131).

On May 19, 2011, a grand jury charged Defendant with a tax fraud scheme. (Doc. 3). Specifically, Defendant was charged with ten counts of violations of 26 U.S.C. § 7206(1), Willfully Filing False Amended Tax Returns, and one count of violating 26 U.S.C. § 7212(a), Corruptly Obstructing and Impeding the IRS. The Indictment states that Defendant was employed as a pilot by an international airline carrier headquartered in the United States; that he was paid wages; that he submitted a fraudulent W-4 claiming that he was not an employee under the internal revenue laws; and that based on the W-4, his employer withheld little to no federal income taxes. (Doc. 3. ¶¶ 1 – 4). The Indictment also alleges that Defendant filed fraudulent amended returns (Forms 1040X) and fraudulent Forms 1040. (*Id.* at ¶¶ 14 – 16). Further, it alleges that Defendant filed for bankruptcy in an attempt to defeat IRS levies, sent fictitious documents to the Department of Treasury and the IRS which purported to discharge his obligations, and concealed his assets and income in a nominee bank account. (*Id.* at ¶ 31).

After Defendant filed "an exceptional number of frivolous and largely repetitive notices[,]" (Doc. 51), this case went to trial on March 7, 2012. The jury returned a guilty verdict on all counts. (Doc. 71). On September 20, 2012, Defendant was sentenced to a total of one hundred twenty (120) months of imprisonment with one year of supervised release, and ordered to pay $538,569.00

in restitution. (Doc. 89). Defendant appealed. Defendant argued that this Court improperly prohibited him from arguing that tax statutes are invalid. (Doc. 118, at 10-12). The Fourth Circuit Court of Appeals held that there was no error, stating that this Court properly allowed him to pursue his trial strategy of a good faith belief that his filings were accurate. *Id.* Defendant also argued that this Court lacked subject matter jurisdiction because the indictment was not signed. *Id.* at 11. The Fourth Circuit held that this argument was without merit. (*Id.* at 11-12). The mandate was issued October 18, 2013. (Doc. 119).

This Court cannot give Defendant an extension of time to file his § 2255, for the reasons stated in the Order dated August 18, 2015. *See* (Doc. 127). Accordingly, Defendant's Motion for Extension of Time to File Motion to Vacate (Doc. 123) is **DENIED.**

The remainder of the filings all deal with Defendant's Federal Rule of Civil Procedure Motion made under 60(b)(4). Rule 60(b)(4) states that "[o]n motion and just terms, the court may relieve a party . . . from a final judgment . . . [when] the judgment is void." Fed. R. Civ. P. 60(b)(4). Section 1651(a) of Title 28 of the United States Code, otherwise known as the All Writs Act, provides that "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." The authority to issue a writ of coram nobis derives from § 1651(a). *Bereano v. United States*, 706 F.3d 568, 576-77 (4th Cir. 2013). The Fourth Circuit has stated that:

> At common law, the writ of coram nobis was available only "to correct errors of fact," enabling a petitioner "to avoid the rigid strictures of judgment finality by correcting technical errors such as happened through the fault of the clerk." *United States v. Denedo,* 556 U.S. 904, 910–11, 129 S.Ct. 2213, 173 L.Ed.2d 1235 (2009) (internal quotation marks omitted). In its modern form, however, "*coram nobis* is broader than its common-law predecessor" and "can issue to redress a fundamental error ... as opposed to mere technical errors." *Id.* at 911, 129 S. Ct. 2213.
>
> In order for a district court to reach an ultimate decision on coram nobis relief, a petitioner is obliged to satisfy four essential prerequisites. First, a more usual

> remedy (such as habeas corpus) must be unavailable; second, there must be a valid basis for the petitioner having not earlier attacked his convictions; third, the consequences flowing to the petitioner from his convictions must be sufficiently adverse to satisfy Article III's case or controversy requirement; and, finally, the error that is shown must be "of the most fundamental character." *United States v. Akinsade,* 686 F.3d 248, 252 (4th Cir.2012).

*Id.* at 576. "[I]t is difficult to conceive of a situation in a federal criminal case today where [a writ of *coram nobis* ] would be necessary or appropriate." *Carlisle v. United States*, 517 U.S. 416, 429 (1996) (quoting *United States v. Smith*, 331 U.S. 469, 475 n. 4 (1947)).

Defendant's motion fails for a variety of reasons. First, he does not offer a reason why he could not have attacked his convictions earlier. *See United States v. Southerland*, No. 7:03-CR-00092-F-1, 2015 WL 6744076, at *2 (E.D.N.C. Nov. 4, 2015); *see also Fernandez-Garcia v. United States*, No. 2:86CR228-3, 2013 WL 5372745, at *3 n.3 (M.D.N.C. Sept. 24, 2013) *report and recommendation adopted,* No. 1:12CV1137, 2013 WL 5951929 (M.D.N.C. Nov. 6, 2013) *aff'd,* 574 F. App'x 236 (4th Cir. 2014).

Secondly, and more importantly, Defendant has failed to identify *any* error, let alone a fundamental error. Defendant maintains that "there are no regulations or statutes making the signature on a 1040 Form under penalty of perjury mandatory meaning that Petitioner cannot be charged with a crime [under § 7602]." (Doc. 124, at 2). Section 7206(1) of the Internal Revenue Code ("IRC") makes it a felony for a person to "[w]illfully make[] and subscribe[] any return . . . or other document . . . which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter." Section 6065 of the Internal Revenue Code is titled "Verification of returns" and states that:

> Except as otherwise provided by the Secretary, any return, declaration, statement, or other document required to be made under any provision of the internal revenue laws or regulations shall contain or be verified by a written declaration that it is made under the penalties of perjury.

26 U.S.C.A. § 6065. Form 1040 is one such return or at the very least qualifies as an "other document." *United States v. Parker*, 272 F. App'x 289, 291 (4th Cir. 2008) ("Even if we assume that Parker's tax return forms are not "returns" within the meaning of § 7206(1), those forms are plainly still "other document[s]" within the meaning of the statute. Thus, it is irrelevant whether they also meet the legal definition of a tax return."). Accordingly, this argument is both meritless and frivolous. The aforesaid discussion also renders Defendant's argument stating that "there is no regulation implementing § 7206(1) penalties" equally meritless and frivolous.

Defendant also argues that he did not earn wages under the IRC because he is a non-resident alien. In fact, Defendant is and was at the time in question a U.S. Citizen. These types of sovereign citizen arguments have been routinely rejected by courts across the nation. *See House v. C.I.R.*, No. 2:99-2428-23, 2000 WL 206120, at *3 n.2 (D.S.C. Jan. 28, 2000).

Defendant also challenges the sufficiency of the Indictment. The Court also finds no error here – the indictment is factually detailed and cites to the appropriate statues.

To the extent Defendant raises additional arguments, they are likewise rejected. Defendant's motion does not raise any grounds that would satisfy any other writs that could be issued under 28 U.S.C. § 1651. *See Henderson v. United States*, No. CIV. WDQ-13-1733, 2013 WL 3930141, at *1 (D. Md. July 29, 2013) (detailing other potential writs).

**IT IS, THEREFORE, ORDERED THAT** Defendant's Motion to Set Aside Judgment (Doc. 122), Motion for Extension of Time (Doc. 123) and Request for Judicial Notice (Doc. 124) are **DENIED.** This Order renders Defendant's Motion for an Order (Doc. 125) and Pro Se Motion to Expedite Ruling (Doc. 135) **MOOT.**

Signed: June 13, 2016

Richard L. Voorhees
United States District Judge